O'DESS *v.* GUNTER.

1. BILLS AND NOTES—MAKER.
   To charge one as maker of note it must appear from instrument that he makes unconditional promise to pay.

2. SAME—WHEN SIGNER DEEMED TO BE INDORSER.
   Person placing his signature on instrument otherwise than as maker, drawer, or acceptor is deemed to be indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity (2 Comp. Laws 1929, § 9312).

3. SAME—INDORSER.
    Where note recites that ''John Johnson  *  *  *  does promise
    to pay,'' and is signed by him and another, said other signer
    is indorser, since he made no unconditional promise to pay
    (2 Comp. Laws 1929, § 9312).

4. SAME—NOTICE OF DISHONOR—RELEASE.
    Indorser of promissory note who received no notice of its dis-
    honor for three years is not liable thereon (2 Comp. Laws
    1929, § 9338).

Appeal from Delta; Bell (Frank A.), J. Submitted April 22, 1932. (Docket No. 67, Calendar No. 36,389.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Assumpsit by Mrs. Albina O'Dess, also known as Mrs. Frank O'Dess, against John Johnson and Mike Gunter. Judgment for plaintiff. Defendant Gunter appeals. Reversed as to defendant Gunter.

*Ryall & Frost,* for plaintiff.

*H. J. Rushton,* for defendant.

POTTER, J. Plaintiff sued defendant on a promissory note as follows:

"$500.                              Jan. 11, 1926
    "John Johnson after date does promise to pay
to the order of Mrs. Frank O'Dess five hundred
dollars at 7 per cent. interest for ................
Value received.                              •
                              "JOHN JOHNSON,
                              "MIKE GUNTER.
"No.....                         Due April 11, 1926."

Defendant Gunter pleaded he was an indorser and received no notice of dishonor for a period of four years. There was judgment for plaintiff and defendant Gunter appeals.

To charge one as maker of a note it must appear from the instrument he makes an unconditional promise to pay. 8 C. J. p. 65; 38 C. J. p. 343; 2 Bouvier's Law Dictionary (Rawle's 3d Rev.), title, "Maker."

The note sued upon does not contain the language "I promise to pay," or "We promise to pay," or other apt language indicating Gunter promises to pay. It recites, "John Johnson   *   *   *   does promise to pay." The language of the instrument specifically indicates who promises to pay, and thereby impliedly excludes those not named. Gunter made no promise to pay. Not having unconditionally promised to pay, Gunter is not a maker of the note. He signed the note. He is not a maker, drawer, or acceptor, and hence is an indorser. 2 Comp. Laws 1929, § 9312, provides:

"A person placing his signature upon an instrument, otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." •

Gunter, being an indorser, was entitled to notice of dishonor. 2 Comp. Laws 1929, § 9338; *Mellen-Wright Lbr. Co.* v. *McNett,* 242 Mich. 369. Gunter received no notice of dishonor for at least three years, and cannot be held liable on the instrument as an indorser. Judgment as to Gunter reversed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.